IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIEL ORTIZ,<br><br>        Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>        Respondent. | MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS<br><br>Case No. 2:17-cv-37 DS<br><br>District Judge David Sam |

Petitioner, Daniel Ortiz, requests federal habeas corpus relief. 28 U.S.C.S. § 2254 (2018). Having carefully considered the petition, the State's motion to dismiss, Petitioner's response, and relevant law, the Court agrees with the State that the petition should be dismissed as untimely. *See id*. § 2244(d).

## FACTS

Based on his conviction in Utah state court of one count of aggravated robbery with the use of a dangerous weapon, Petitioner was sentenced to six-years-to-life. The Utah Court of Appeals affirmed his conviction, and the Utah Supreme Court denied certiorari on September 18, 2013. Petitioner had ninety days (by December 17) to file a petition for certiorari with the United States Supreme Court, which he did not do.

Petitioner filed a petition for post-conviction relief in state court on November 21, 2013. However, the petition was dismissed on May 6, 2014, when he failed to pay the filing fee. Petitioner had thirty days to appeal (by June 5) but did not.

This federal habeas petition was filed over three years later on June 12, 2017.

1

**ANALYSIS**

Federal statute imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *Id.* The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* That occurred here on December 17, 2013, ninety days after the Utah Supreme Court denied a writ of certiorari, during which Petitioner could have sought review in the United States Supreme Court. Therefore, Petitioner would have had until December 17, 2014 to file his federal petition, excepting applicable tolling.

**1. Statutory Tolling**

The one-year limitation period is tolled while a state post-conviction petition is pending. *Id*. The statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. Petitioner filed his state post-conviction petition on November 21, 2013, before his federal limitation period began to run, thereby tolling the federal period until his state post-conviction case concluded. *See id*. Therefore, when his state post-conviction petition was dismissed on May 6, 2014, and the thirty days to appeal expired on June 5, 2014, Petitioner still had the entire one-year limitation period remaining, giving him until June 5, 2015 to file his federal petition. He did not file his federal petition until January 12, 2017, more than eighteen months after the federal limitations period expired. His petition is therefore untimely.

Despite these facts, Petitioner offers two arguments for his petition's timeliness, neither of which is availing. First, he contends that his direct appeal is still pending before the United States Supreme Court, so his federal limitation period never began to run at all because his state criminal case is not yet final. This argument rests on a January 13, 2014 filing in the state criminal court styled "motion for extension of time to file writ of certiorari" and captioned "In the United States Supreme Court." The certificate of service on this motion lists the United States Supreme Court, and the Court accepts as true--for this order only--that this same document was in fact sent to the United States Supreme Court on January 13, 2014.

However, Petitioner's motion for time extension was already untimely when he sent it. Rule 13 of the Rules of the Supreme Court of the United States states that a certiorari petition from the ruling of a state court of last resort must be filed within ninety days "after entry of the order denying discretionary review." Rs. of S. Ct. 13(1). Thus, Petitioner's time to file a certiorari petition expired on December 17, 2013--ninety days after the Utah Supreme Court's ruling. The rule also provides that "[t]he Clerk will not file any petition for a writ of certiorari that is jurisdictionally out of time." *Id*. 13(2). Moreover, any extension request "must be filed with the Clerk at least 10 days before the date the petition is due," *id*. 13(5), which here would have been by December 7, 2013. Petitioner's January 13, 2014 extension request was more than a month past its due date when he sent it and it therefore had no effect on the finality of his state criminal case or the federal habeas limitation period.

Petitioner's second argument for timeliness is similarly misplaced. Petitioner argues that his criminal case is also not yet final because he has made repeated requests to the state court for transcripts that have not been met. The record reflects at least four transcript requests having been made at various times to various courts, which responded with instructions regarding how

3

to request transcripts--instructions Petitioner appears to have not followed. Regardless of the details of these requests and their status, they do not affect the running of limitation period, which starts from the day "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.S. § 2244(d)(1)(A) (2018). That unquestionably occurred in this case on December 17, 2013. And once it did, the only relevant issue for purposes of the limitation period was whether Petitioner had a valid state post-conviction action pending, which he did until May 6, 2014, after which he did not appeal.

## 2. Equitable Tolling

Petitioner goes on to argue that he is entitled to equitable tolling, contending that he is a layperson, with no knowledge of the law; he has no law library; and his actions in court proceedings have been taken upon consulting with prison contract attorneys.

The Court addresses whether the circumstances underlying these arguments trigger equitable tolling to save Petitioner from the period of limitation's operation. "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002)

(unpublished). Against the backdrop of these general principles, the Court considers Petitioner's specific arguments.

Petitioner asserts that his lateness should be overlooked because he lacked legal resources, legal knowledge, and had only limited help and misinformation from prison contract attorneys. Petitioner has "failed to elaborate on how these circumstances" affected his ability to bring his petition earlier. *Johnson v. Jones*, No. 08-6024, 2008 U.S. App. LEXIS 8639, at *5 (10th Cir. April 21, 2008) (order denying certificate of appealability). The argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2018) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). It follows that Petitioner's contention that the prison contract attorneys' misinformation and lack of help thwarted his habeas filings does not toll the period of limitation. *See Steed v. Head*, 219

F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Petitioner thus has not established a basis for equitable tolling.

## ORDER

IT IS HEREBY ORDERED that Respondent's motion to dismiss is GRANTED. This federal habeas petition was filed past the period of limitation and neither statutory nor equitable tolling rescue the delay from the period of limitation's operation. This action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of the Court is directed to CLOSE this action.

DATED August 9th, 2018.

BY THE COURT:

_____
DAVID SAM
United States District Judge